**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

**STEVEN C. GREEN,**

      **Petitioner-Defendant,**

                                     **Civil Action No. 1:11-cv-176**
**v.**                                 **Criminal Action No. 1:09-cr-21-1**
                                     **(JUDGE KEELEY)**

**UNITED STATES OF AMERICA,**

      **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE**
**RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION**
**UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

## I.   INTRODUCTION

On November 7, 2011, Petitioner-Defendant Steven C. Green ("Petitioner"), proceeding *pro se*, filed a "Motion to Vacate Pursuant to 28 U.S.C. § 2255, § 1651 and Notice of Challenge to the Constitutionality of Statutes and Jurisdiction of the Courts Pursuant to FRCP Rule 5.1" ("Motion"). (Civil Action No. 1:11-cv-176, ECF No. 1; Criminal Action No. 1:09-cr-21-1, ECF No. 138 ("Mot.").) On November 14, 2011, the Clerk of Court sent Petitioner a Notice of Deficient Pleading, instructing him to file his Motion on the court-approved form within twenty-one days from the date of the Notice. (Civil Action No. 1:11-cv-176, ECF No. 3; Criminal Action No. 1:09-cr-21-1, ECF No. 149.) Petitioner filed his court-approved form ("Court-Approved Motion") (Civil Action No 1:11-cv-176, ECF No. 6; Criminal Action No. 1:09-cr-21-1, ECF No. 147 ("Court-Approved Mot.")) along with a Motion for Leave to File Excess Pages (Civil Action No. 1:11-cv-176, ECF No. 5; Criminal Action No. 1:09-cr-21-1, ECF No. 146) on December 1, 2011. On December 2, 2011, the Honorable James E. Seibert, United States Magistrate Judge, entered a text-only order granting in part and denying in part Petitioner's Motion for Leave to File Excess Pages, allowing him to file a

total of fifty pages including his Motion and exhibits. (Criminal Action No. 1:09-cr-21-1, ECF No. 150.)

On January 11, 2012, the undersigned Magistrate Judge entered an Order directing Respondent, the United States of America ("Respondent" or "Government") to answer Petitioner's motion. (Civil Action No. 1:11-cv-176, ECF No. 7; Criminal Action No. 1:09-cr-21-1, ECF No. 154.) Given that Magistrate Judge Seibert was not assigned to Petitioner's Motion, the undersigned also entered an Order vacating Magistrate Judge Seibert's text-only order and granting Petitioner's Motion for Leave to File Excess Pages. (Civil Action No. 1:11-cv-176, ECF No. 8; Criminal Action No. 1:09-cr-21-1, ECF No. 155.) The Government responded to Petitioner's Motion on January 30, 2012 ("Response"). (Civil Action No. 1:11-cv-176, ECF No. 10; Criminal Action No. 1:09-cr-21-1, ECF No. 160 ("Resp.").) Petitioner replied to the Government's Response on February 27, 2012 ("Reply"). (Civil Action No. 1:11-cv-176, ECF No. 11; Criminal Action No. 1:09-cr-21-1, ECF No. 170 ("Reply").) That same day, Petitioner also filed a Motion for Intervention of Right. (Civil Action No. 1:11-cv-176, ECF No. 12; Criminal Action No. 1:09-cr-21-1, ECF No. 172.) The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny Petitioner's motion to vacate.

## II. FACTS

### A. Conviction and Sentence

On February 19, 2009, the Grand Jury charged Petitioner in two counts of a three-count Indictment. (Indictment, Criminal Action No. 1:09-cr-21-1, ECF No. 1.) Count One charged Petitioner and co-defendant Cheryl Goff with conspiracy to possess with intent to distribute more

than five grams of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846. (*Id.* at 1.) Count Two charged Petitioner with possession with the intent to distribute more than five grams of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). (*Id.* at 2.) On May 14, 2009, after a three-day trial, Petitioner was convicted of Count One. (May 14, 2009 Trial Tr. at 14:16-15:6, 20:16-21:10, Criminal Action No. 1:09-cr-21-1, ECF No. 120.) The Honorable Irene M. Keeley, United States District Judge, declared a mistrial on Count Two and granted the Government's motion to dismiss Count Two. (May 14, 2009 Trial Tr. at 23:10-16.) Petitioner was represented by Federal Public Defender Brian Kornbrath during trial proceedings.

On September 15, 2009, Petitioner appeared before Judge Keeley for sentencing. Judge Keeley sentenced Petitioner to a term of 97 months imprisonment followed by a four-year term of supervised release. (Judgment in a Criminal Case, Criminal Action No. 1:09-cr-21-1, ECF No. 108.) By Order dated January 12, 2012, Judge Keeley reduced Petitioner's term of imprisonment to 78 months. (Criminal Action No. 1:09-cr-21-1, ECF No. 156.)

## B.    *Direct Appeal*

Petitioner pursued a direct appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). On appeal, Petitioner asserted that the "district court abused its discretion in denying his motions for a mistrial and for a new trial and in admitting [his co-defendant's] statements against him." *United States v. Goff*, 404 F. App'x 768, 770, 2010 WL 5066025, at *1 (4th Cir. Dec. 10, 2010) (alteration in original). The Fourth Circuit affirmed Petitioner's conviction. *Goff*, 404 F. App'x at 773, 2010 WL 5066025, at *4. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

### C.    *Federal Habeas Corpus*

**1.    Petitioner's Motion**

In his Court-Approved Motion, Petitioner alleges the following:

1.    The United States lacked subject-matter jurisdiction to charge Petitioner with narcotics offenses because:

    a.    The United States does not have jurisdiction over crimes occurring within a sovereign state; and

    b.    Titles 18 and 21 of the United States Code were not properly ratified and thus are legal nullities.

2.    Petitioner's trial counsel rendered ineffective assistance of counsel by:

    a.    Failing to see that the Government never proved that it owned the land where the crime was committed;

    b.    Failing to see that the Indictment failed to prove jurisdiction;

    c.    Failing to see that Titles 18 and 21 of the United States Code are not law;

    d.    Failing to see that the presiding district court was not a properly established Article III court;

    e.    Failing to see that the Grand Jury was improperly seated; and

    f.    Failing to see that there are only three federal crimes.

(Court-Approved Mot. at 10.)

In his original Motion, Petitioner asserts the additional following claims:

3.    Petitioner's trial counsel rendered ineffective assistance of counsel by:

    a.    Failing to investigate by not calling JoAnn Clay and Nanette Jones as witnesses and by not investigating a *Bruton* issue disputed before trial;

    b.    Failing to challenge Petitioner's co-defendant's mental capacity and statements;

    c.    Insufficiently cross-examining Detective Frederick; and

      d.     Failing to bring perjury charges against a testifying co-conspirator or ask that the Government be sanctioned for suborning perjury and failing to object to that witness's testimony.

(*See* Mot. at 11-58.)  Petitioner asks that the Court "reverse his conviction and sentence" and also for "what other relief the Court deems to be appropriate."  (Mot. at 55.)

## 2. Government's Response

In its Response, the Government asserts that Petitioner's subject-matter jurisdiction challenges are frivolous because the federal government can regulate conduct substantially affecting interstate commerce, because Titles 18 and 21 were constitutionally enacted, and because the United States District Court for the Northern District of West Virginia was validly established.  (Resp. at 5.)[1]  The Government also alleges that the indictment was sufficient because it did not need to allege an interstate commerce nexus and that Petitioner has procedurally defaulted this challenge.  (*Id.* at 6.)  Furthermore, the Government argues that Petitioner does not assert any facts demonstrating that the grand jury selection substantially failed to comply with required procedures and that his challenge is procedurally waived.  (*Id.*)  Finally, the Government asserts that Petitioner has failed to demonstrate that his trial counsel's performance was deficient in any way.  (*Id.* at 7.)

## 3. Petitioner's Reply

In his Reply, Petitioner reiterates the same arguments raised in his Motion and his Court-Approved Motion.  (*See* Reply at 1-36.)  He also asserts that his attorney rendered ineffective assistance of counsel by not fulfilling his ethical obligation to conduct a thorough investigation.  (*Id.* at 37-38.)

---

[1] The Government did not number the pages of its Response.  Therefore, when referring to the Government's Response, the undersigned utilizes the page numbers of the document filed on CM/ECF.

***D.*** **Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:11-cv-176, ECF No. 1; Criminal Action No. 1:09-cr-21-1, ECF No. 138) be denied and dismissed because Petitioner has failed to meet the two prongs of *Strickland* to demonstrate any claims of ineffective assistance of counsel. The undersigned further recommends that Petitioner's Motion for Intervention of Right (Civil Action No. 1:11-cv-176, ECF No. 12; Criminal Action No. 1:09-cr-21-1, ECF No. 172) be denied because Petitioner's arguments regarding jurisdiction and the constitutionality of Titles 18 and 21 are frivolous.

## III.    ANALYSIS

***A.*** **Standard Governing Claims of Ineffective Assistance of Counsel**

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002).

Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Id.* (quoting *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington v. Richter*, 131 S. Ct. 770, 790 (2011) (citations omitted) (internal quotation marks omitted).

**B.    *Analysis of Petitioner's Ineffective Assistance of Counsel Claims***

### 1. Petitioner's Claims that Counsel Failed to Raise Jurisdictional Challenges Are Without Merit

To challenge his conviction, Petitioner alleges that Titles 18 and 21 of the United States Code were not properly ratified and are therefore not law and that the United States does not have jurisdiction to prosecute crimes occurring within sovereign states. Petitioner also asserts that his counsel was ineffective for failing to see these two issues, for failing to see that the presiding district court was not a properly established Article III court, and for failing to understand that the Constitution only authorizes the federal government to penalize the crimes of counterfeiting, piracy, and treason. For the reasons discussed below, the undersigned recommends that these claims be dismissed.

First, the United States government has jurisdiction to regulate conduct that substantially affects interstate commerce regardless of whether the land where the conduct occurred is owned by the United States. *See United States v. Lopez*, 514 U.S. 549, 558 (1995); *see also United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995) (determining that Section 401(a)(1) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 is constitutional because "Congress has the authority under the Commerce Clause to criminalize the intrastate possession, distribution, and sale of controlled substances"); *United States v. Martin*, No. 3:07CR122, 2009 WL 2434598, at *1 (E.D. Va. Aug. 6, 2009) (finding petitioner's claim that federal courts lack jurisdiction to prosecute crimes that do not occur on federal property to be "completely devoid of merit"). Furthermore, the fact that a defendant is charged with crimes against the United States confers subject matter jurisdiction on the Court. *See* 18 U.S.C. § 3231. As discussed below, 18 U.S.C. § 3231 is a validly enacted statute. In Petitioner's case, the Government had jurisdiction to charge him with crimes involving drug distribution despite not owning the land on which these crimes occurred.

Furthermore, because the Government had jurisdiction, Petitioner cannot prove that counsel's alleged failure to raise this issue with the Court was prejudicial to his defense, and his claim of ineffective assistance of counsel must fail. *See Strickland*, 466 U.S. at 687.

Second, Petitioner's challenge to Title 18 of the United States Code is "part of a new rash of frivolous claims raised by prisoners across the country." *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008). Specifically, Petitioner's challenge to Title 18 concerns the supposed "'irregular adoption of Public Law Number 80-772,'" the law that was later codified at 18 U.S.C. § 3231. *See id.* at 967 (quoting *United States v. Felipe*, nos. 05-711-1, 07-061, 2007 WL 2207804, at *2 (E.D. Pa. July 30, 2007)). "[T]he Fourth Circuit does not appear to have addressed the specific issue of the circumstances surrounding the passage of Public Law 80-772 . . . ." *Webb v. Driver*, No. 5:08CV73, 2009 WL 529827, at *3 (N.D. W. Va. Mar. 2, 2009). However, several other federal courts, both at the appellate and district levels, have considered the issue and have determined that Public Law 80-772 was properly enacted. *See Cardenas-Celestino*, 552 F. Supp. 2d at 966-67 (collecting cases); *see also Webb*, 2009 WL 529827, at *3 (collecting cases); *Felipe*, 2007 WL 2207804, at *2 (collecting cases). Given this clear weight of authority, the undersigned concludes that Public Law 80-772, later codified at 18 U.S.C. § 3231, was constitutionally enacted. Likewise, the Fourth Circuit has previously upheld the constitutionality of the legislation creating Title 21 of the United States Code. *See Leshuk*, 65 F.3d at 1111-12. Furthermore, because Titles 18 and 21 were constitutionally enacted, Petitioner cannot meet his burden of showing that his counsel's failure to raise with the Court both this allegation and the assertion that the Constitution only gives the federal government the authority to penalize three federal crimes was prejudicial to his defense. *See Strickland*, 466 U.S. at 687.

Finally, Petitioner's assertion that the United States District Court for the Northern District of West Virginia is not a properly established Article III court is simply frivolous. *See United States v. Welsh*, No. 07-4735, 316 F. App'x 222, 224, 2008 WL 5077259, at *2 (4th Cir. Nov. 25, 2008 (determining that appellant's claim that the district court was not an Article III court was "patently frivolous"). Pursuant to its power under Article III, Section 1 of the United States Constitution, Congres properly established the United States District Court for the Northern District of West Virginia. *See* 28 U.S.C. §§ 129, 132. Therefore, the United States District Court for the Northern District of West Virginia had jurisdiction over Petitioner's case. Furthermore, because the Court had jurisdiction, counsel's alleged failure to raise this issue with the Court did not prejudice Petitioner's defense. *See Strickland*, 466 U.S. at 687.

In sum, the undersigned finds that the United States had jurisdiction to charge Petitioner despite not owning the land on which the crimes occurred and that Titles 18 and 21 of the United States Code were constitutionally enacted. Furthermore, the undersigned finds that Petitioner has failed to meet his burden of demonstrating that his counsel was ineffective for not raising with the Court the constitutionality of Titles 18 and 21, whether the presiding court was a properly established Article III court, and whether the United States had jurisdiction over the land where the crimes occurred. Therefore, the undersigned recommends that these claims be dismissed.


**2.      Petitioner's Claim Regarding Counsel's Failure to Raise the Sufficiency of the Indictment Is Without Merit**

Petitioner also challenges his conviction and sentence on the ground that his counsel failed to see that the Indictment charging Petitioner was faulty because it did not prove jurisdiction.

(Court-Approved Mot. at 10.)  Specifically, Petitioner alleges that the "Court lacked jurisdiction where the indictment failed to establish jurisdiction and a commerce nexus."  (Mot. at 35.)  The Government asserts that the Indictment was sufficient and that any challenge to the sufficiency of the Indictment has been procedurally defaulted and is without merit.  (Resp. at 6.)  The undersigned recommends that this claim be dismissed because Petitioner cannot demonstrate ineffective assistance of counsel.

Typically, 28 U.S.C. § 2555 "will not be allowed to do service for an appeal."  *Sunal v. Large*, 332 U.S. 174, 178 (1947).  However, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).  Petitioner did not raise his ineffective assistance of counsel claims on direct appeal.  Normally, Petitioner's claims would be barred absent a showing of cause and prejudice.  However, claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal.  *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

Here, Petitioner simply cannot demonstrate that his counsel's failure to call attention to the alleged jurisdictional defects in the Indictment prejudiced his defense.  *See Strickland*, 466 U.S. at 687.  The Government was not required to allege an interstate commerce nexus in the Indictment charging Petitioner because that is not an element of a conspiracy to distribute narcotics pursuant to 21 U.S.C. § 846.  *See United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010) (listing the elements the Government must prove for a drug distribution conspiracy).  Furthermore, "'no proof

of an interstate nexus is required in order to establish jurisdiction of the subject matter' in most prosecutions under 21 U.S.C. § 841(a)(1)." *United States v. Hernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004) (citations omitted); *see also Martin*, 2009 WL 2434598, at *1 (petitioner conceding that 21 U.S.C. § 841(a)(1) does not include, as an element, a requirement that the Government prove an interstate commerce nexus). Any argument by Petitioner's counsel regarding the insufficiency of the Indictment would not have been meritorious. Therefore, because Petitioner cannot demonstrate how counsel's failure to raise the alleged insufficiencies prejudiced his defense, the undersigned recommends that this claim be dismissed.

### 3.    Petitioner's Claim Regarding Counsel's Failure to Challenge the Grand Jury Composition Is Without Merit

Petitioner also challenges his conviction and sentence on the ground that his counsel failed to see that the grand jury was "improperly seated." (Court-Approved Mot. at 10.) Specifically, Petitioner asserts that the "Grand Jury seated consisted of citizens outside territorial composition of where Article III jurors are to be drawn." (Mot. at 41.) The Government argues that Petitioner's claim is procedurally defaulted and without merit. (Resp. at 6.) The undersigned recommends that this claim be dismissed because Petitioner cannot demonstrate that his counsel was ineffective.

As previously mentioned, Petitioner's claim would normally be barred absent a showing of cause and prejudice because he failed to raise it on direct appeal. However, claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack. *See Richardson*, 195 F.3d at 198.

"Reasonable and effective assistance of counsel does not require an attorney to sift through voluminous jury records every time his client requests that he challenge the array as

unconstitutionally drawn." *Gustave v. United States*, 627 F.2d 901, 906 (9th Cir. 1980). Instead, "[t]here must be some evidence of irregularity in jury selection practices before failure to object to the panel rises to the level of ineffective assistance of counsel." *Id.* (citing *Arnold v. Wainwright*, 516 F.2d 964, 970-71 (5th Cir. 1980)). Here, however, Petitioner has offered nothing more than his unsubstantiated allegation that the Grand Jury charging him consisted of "citizens outside territorial composition of where Article III jurors are to be drawn." (Mot. at 41.) Though Petitioner claims that his counsel was ineffective for failing to see this alleged impropriety, any motion based on such speculation would have been denied. Therefore, Petitioner cannot demonstrate that the alleged error rose to such a level of deficient performance to constitute ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687.

Even assuming that Petitioner could establish ineffective assistance of counsel, "the statutory requirements of § 1867 still must be complied with in bringing a section 2255 collateral attack." *United States v. Davis*, 939 F. Supp. 810, 818 (D. Kan. 1996). Even if Petitioner had timely moved to dismiss the Indictment based on improper grand jury selection, Petitioner's claim would be without merit because he has failed to follow the requirements of such a challenge as set forth in 28 U.S.C. § 1861 *et seq.* When filing a motion to challenge grand jury procedures, a movant must also file a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title" to be entitled to an evidentiary hearing. 28 U.S.C. § 1867(d). "No less should be required in a belated challenge under § 2255." *Porcaro v. United States*, 784 F.2d, 38, 43 (1st Cir. 1986). Here, Petitioner has failed to set forth any facts supporting his claim. Therefore, the undersigned recommends that Petitioner's claim be dismissed because it has no merit.

### 4. Petitioner's Claim Regarding Counsel's Failure to Investigate Is Without Merit

In his Motion, Petitioner alleges that his trial counsel was ineffective for failing to investigate by not calling JoAnn Clay and Nanette Jones as witnesses. (Mot. at 12, 18.) Specifically, Petitioner asserts that during opening statements, his counsel told the jury about Clay and Jones's plan to "set up" individuals in town for selling drugs so that Clay could earn a reduced sentence for her federal drug charge. (*Id.* at 12-13.) Petitioner also asserts that his trial counsel was ineffective for failing to investigate a *Bruton* issue. (Mot. at 14-15.) Because these two claims both allege trial counsel's failure to investigate, they will be considered together.

The *Strickland* Court recognized that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 690; *see also Coles v. Peyton*, 389 F.2d 224, 226 (4th Cir. 1968) (attorneys must "conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed"). The decision of "whether to call a defense witness is a strategic decision" that must be afforded "'enormous deference.'" *United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994) (quoting *United States v. Hirschberg*, 988 F.2d 1509, 1513 (7th Cir. 1993)). However, the *Strickland* Court also emphasized that "a particular decision not to investigate must be assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. "Complaints of ineffective assistance of counsel based upon 'uncalled witnesses' are not favored in federal habeas corpus review because mere unsupported allegations about what testimony potential witnesses might have given are far too speculative." *Talley v. United States*, Nos. 1:06-cv-74, 1:94-cr-118, 2006 WL 3422997, at *9 (E.D. Tenn. Nov. 26, 2006). Furthermore, the Fourth Circuit has held that conclusory allegations concerning what exculpatory testimony would have been presented "are insufficient to establish the requisite

prejudice under *Strickland*." *United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004).

First, Petitioner is incorrect that his counsel was ineffective for failing to call Clay and Jones as witnesses. In fact, not once in his opening statement did Petitioner's counsel mention the alleged "set up" by Clay and Jones; instead, only counsel for Petitioner's co-defendant, Cheryl Goff, did so. (*Compare* Resp., Ex. 1-5 ("Joint Appendix") at 92-95 (Petitioner's counsel's opening statement), *with* Joint Appendix 95-102 (Goff's counsel's opening statement).) Instead, Petitioner's counsel's theory of the case challenged the testimony of Rasheim Wallace, a Government witness, and challenged the allegation that Petitioner was in Fairmont, West Virginia during most of the time alleged in Count One of the Indictment (the conspiracy charge). (Joint Appendix at 92-94.) Furthermore, Petitioner has not provided evidence regarding what Clay and Jones would have testified to at trial, and given the alleged "set up" by Clay and Jones, it is likely that their testimony would have been hostile to Petitioner. *See Talley*, 2006 WL 3422997, at *9. Therefore, under *Strickland*, a "heavy measure of deference" must be applied to Petitioner's counsel's decision not to call Clay and Jones as witnesses, *Strickland*, 466 U.S. at 691.

Furthermore, Petitioner's claim that counsel failed to adequately investigate a *Bruton* issue is without merit. To the extent that Petitioner is challenging the admissibility of Goff's out-of-court statements at trial, he may not now recast this claim under the guise of a collateral attack because the Fourth Circuit determined on direct appeal that the admission of the statement did not violate *Bruton*. *See Goff*, 404 F. App'x at 772-73, 2010 WL 5066025, at *3; *see also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (issues previously rejected on direct appeal may not be raised by prisoners in a collateral attack). However, claims of ineffective assistance of counsel are more appropriately raised during collateral attack than on direct appeal. *See Richardson*,

195 F.3d at 198.

The Supreme Court has held that a criminal defendant's Sixth Amendment right to confront witnesses against him is violated by the admission, for the purpose of inculpating the defendant, of a non-testifying co-defendant's out-of-court statement at their joint trial. *Bruton v. United States*, 391 U.S. 123, 126 (1968). However, the Fourth Circuit has determined that a "*Bruton* problem exists only to the extent that the codefedant's statement in question, on its face, implicates the defendant." *United States v. Locklear*, 24 F.3d 641, 646 (4th Cir. 1994). Furthermore, a statement that is not facially incriminating is admissible even if it becomes incriminating when linked with other evidence introduced during trial. *Richardson v. Marsh*, 481 U.S. 200, 208-11 (1987). When a court determines that the admission of a statement does not violate *Bruton*, a derivative claim of ineffective assistance of counsel regarding counsel's failure to prevent a *Bruton* issue has no merit. *See Austin v. Smith*, 914 F. Supp. 1245, 1247 n.3 (D. Md. 1996).

On May 4, 2009, Petitioner's counsel filed a motion in limine asking the Court to exclude Goff's statement pursuant to *Bruton*. (Motion In Limine: Co-Defendant's Statement, Criminal Action No. 1:09-cr-21-1, ECF No. 33.) At the final pretrial conference on May 7, 2009, Petitioner argued on behalf of Petitioner regarding the *Bruton* issue, and Judge Keeley granted the motion in so far as Goff's statement related to her knowledge of Petitioner. (*See* Final Pretrial Conf. Tr., Criminal Action No. 1:09-cr-21-1, ECF No. 122 at 18:12-16; *see also* Order Following the Final Pretrial Conf., Criminal Action No. 1:09-cr-21-1, ECF No. 40 (granting in part Petitioner's motion in limine, excluding all portions of an October 9, 2008 report that were not exclusively about Goff).) However, that same day, Assistant United States Attorney Andrew Cogar filed a Motion for Reconsideration, asking the Court to reconsider its ruling on the *Bruton* issue based on the Fourth

Circuit's opinion in *Locklear*. (United States' Motion to Reconsider, Criminal Action No. 1:09-cr-21-1, ECF No. 44.) Judge Keeley took up the Government's motion at the beginning of Petitioner's trial, and Petitioner's counsel's argued that the facts of *Locklear* were not on point with Petitioner's case. (May 12, 2009 Trial Tr., Criminal Action No. 1:09-cr-21-1, ECF No. 124 at 19:14-21:21.) However, Judge Keeley determined that under *Locklear*, Goff's statement was not facially incriminating and was therefore admissible under *Bruton*. (*Id.* at 22:4-17.) Despite this ruling, Petitioner's counsel was successful in arguing for a limiting instruction for the use of Goff's statement. (*Id.* at 22:22-26:24.) In sum, the record is replete with examples of Petitioner's counsel's attempts to exclude Goff's out-of-court statement from being admitted at trial. Furthermore, because the Fourth Circuit ultimately determined that no *Bruton* issue existed, a derivative claim of ineffective assistance of counsel can have no merit. *See Austin*, 914 F. Supp. at 1247 n.3.

In sum, Petitioner has not met his burden of establishing ineffective assistance of counsel. Not only did Petitioner's counsel reasonably decide to not call JoAnn Clay and Nanette Jones as witnesses, but the record demonstrates that counsel was not deficient in researching the *Bruton* issue surrounding the use of Goff's statement. Therefore, the undersigned recommends that Petitioner's claim be dismissed.

### 5. Petitioner's Claim Regarding Counsel's Failure to Challenge His Co-Defendant's Mental Capacity and Statements Is Without Merit

In his Motion, Petitioner alleges that his trial counsel was ineffective for failing to question the competency of his co-defendant, Cheryl Goff, to stand trial and testify at trial. (Mot. at 16-18.) According to Petitioner, the proceedings established that Ms. Goff was "clearly mentally challenged." (*Id.* at 18.) Petitioner also asserts that his counsel was ineffective for failing to

challenge the admissibility of her statements.

Petitioner's claims are simply without merit. The issue of Ms. Goff's competency was for her counsel, not Petitioner's counsel, to argue before the Court, and Ms. Goff's competency to stand trial was irrelevant to Petitioner's defense. Furthermore, Ms. Goff did not testify at trial, and as discussed above, Petitioner's counsel did challenge the admissibility of her out-of-court statements. Therefore, the undersigned recommends that this claim be dismissed because Petitioner cannot demonstrate that his counsel was ineffective.

### 6. Petitioner's Claim Regarding Counsel's Failure to Sufficiently Cross-Examine Detective Frederick Is Without Merit

Also in his Motion, Petitioner asserts that his trial counsel was ineffective for failing to sufficiently cross-examine Detective Frederick. (Mot. at 19.) Specifically, Petitioner argues that his counsel failed to refresh Detective Frederick's recollection using a report created by Detective Fluharty that referenced a "light-skinned man." (*Id.*) Furthermore, Petitioner alleges that during this cross-examination, his counsel should have inquired about Detective Frederick's reliance on Detective Fluharty's notes and report during Detective Frederick's testimony to the grand jury. (Mot. at 19-20.) The undersigned will consider these two arguments together as they both allege ineffective assistance of counsel for the same cross-examination.

The Federal Rules of Evidence ("Rules"), except those Rules relating to privileges, explicitly do not apply to grand jury proceedings. Fed. R. Evid 1101(d)(2); *see also United States v. Calandra*, 414 U.S. 338, 343-44 (1974). Under the Rules, hearsay refers to a statement that "the declarant does not make while testifying at the current trial or hearing; and a party offers into evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is inadmissible unless the Rules, a federal statute, or other rules set by the Supreme Court provide

otherwise.  Fed. R. Evid. 802.

Here, Petitioner's claims regarding the sufficiency of counsel's cross-examination of Detective Frederick have no merit.  First, the decisions to not cross-examine Detective Frederick regarding the "light-skinned man" described in Detective Fluharty's report and regarding his reliance on Detective Fluharty's notes and report during grand jury testimony are examples of decisions "'primarily involv[ing] trial strategy and tactics.'"  *Sexton*, 163 F.3d at 885  (quoting *Teague*, 953 F.2d at 1531) (alteration in original).  Here, Petitioner's counsel reasonably decided not to cross-examine Detective Frederick regarding this report because such cross-examination would have constituted inadmissible hearsay.  *See* Fed. R. Evid. 801(c), 802.  Furthermore, during the cross-examination of Detective Fluharty, Petitioner's counsel asked about the statement in the report concerning the "light-skinned man" and elicited the response that in the search warrant application, an individual known as "C" was described as a "light skinned black male."  (Joint Appendix at 277.)

Finally, counsel's decision not to cross-examine Detective Frederick regarding his reliance on Detective Fluharty's notes and report during grand jury testimony was reasonable because the Rules do not apply to grand jury proceedings and therefore the use of such hearsay was appropriate.  *See* Fed. R. Evid. 1101(d)(2); *see also Calandra*, 414 U.S. at 343-44.

Even assuming that Petitioner's counsel acted unreasonably, Petitioner has failed to establish any prejudice to his defense resulting from these alleged errors.  *See Glover v. Miro*, 262 F.3d 268, 275 (4th Cir. 2001) (a defendant wishing to show prejudice must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").  Therefore, because Petitioner has not met his burden of establishing ineffective

assistance of counsel, the undersigned recommends that this claim be dismissed.

**7.      Petitioner's Claim Regarding Counsel's Failure to Bring Perjury Charges and Object to Rasheim Wallace's Testimony Is Without Merit**

As his last claim in his Motion, Petitioner alleges that trial counsel was ineffective for failing to bring perjury charges against the witness Rasheim Wallace and subornation of perjury charges against the Assistant United States Attorney.  (Mot. at 21.)  Petitioner also asserts that counsel was ineffective for failing to object to disputed testimony by Wallace.  (*Id.* at 21-24.)  The undersigned will consider these arguments together as they relate to counsel's treatment of witness Rasheim Wallace.

As an initial matter, Petitioner's claim that trial counsel should have brought perjury and subornation of perjury charges is frivolous because his counsel did not have the authority or obligation to charge anyone with any crime.  However, to the extent that Petitioner argues that his counsel was ineffective for failing to claim prosecutorial misconduct based on subornation of perjury, Petitioner's claim is without merit.

To succeed on a claim of prosecutorial misconduct based on perjured trial testimony, Petitioner must first show that the testimony was, in fact, perjured, and second, that the Government knowingly used the perjured testimony in order to secure the conviction.  *Boyd v. French*, 147 F.3d 319, 329-30 (4th Cir. 1998) (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959)).  "The knowing use of perjured testimony constitutes a due process violation when there is any reasonable likelihood that the false testimony could have affected the judgment of the jury."  *Id.* at 330 (internal citation and quotation omitted).  However, "[m]ere inconsistencies in the testimony by government witnesses do not establish the government's knowing use of false testimony." *United States v. Griley*, 814 F.2d 967, 970-71 (4th Cir. 1987).  Here, even assuming that Wallace's testimony was perjured, Petitioner

has not presented any evidence that the prosecutor knew Wallace was testifying falsely. *See Zimmerman v. United States*, Nos. 3:07cv295, 3:02cr156-3, 2011 WL 744509, at *15 (rejecting petitioner's claim of ineffective assistance of counsel for failure to claim prosecutorial misconduct because petitioner did not present evidence that the Government knew the witness testified falsely). In fact, at Petitioner's sentencing hearing, his counsel represented during argument regarding Petitioner's motion for a new trial that they were not claiming that the Government intentionally suborned perjury. (Sentencing Hrg. Tr., Criminal Action No. 1:09-cr-21-1, ECF No. 126 at 10:10-11.) Instead, Petitioner's counsel merely stated that once the motion for a new trial was filed, the Government was put on notice that its "star witness took the stand and lied." (*Id.* at 10:13-15.) Therefore, because Petitioner has provided no evidence that the Government knew Wallace testified falsely, his argument is without merit.

Furthermore, Petitioner's claim that trial counsel failed to object to disputed testimony by Wallace is simply not supported by the record. During his opening statement, Petitioner's counsel asserted that "[t]he problem with this case though is that Rasheim Wallace is extremely self-serving and he misrepresented facts to the police in order to get probation." (Joint Appendix at 92.) During cross-examination of Wallace, Petitioner's counsel pointed out several inconsistencies in Wallace's testimony and highlighted Wallace's interest in cooperating with the Government. (*Id.* at 180-88.) During closing argument, counsel repeatedly mentioned how Wallace's testimony was not true. (*Id.* at 378-81.) Finally, on September 10, 2009, Petitioner's Counsel filed a motion for a new trial based on newly discovered evidence; specifically, telephone records that discredited Wallace's testimony. (Mot. for New Trial, Criminal Action No. 1:09-cr-21-1, ECF No. 96.) Although Judge Keeley denied this motion (Order, Criminal Action No. 1:09-cr-21-1, ECF No. 104), the record is still

replete with examples of how Petitioner's counsel repeatedly attempted to discredit Wallace's testimony.

In sum, Petitioner's claims regarding counsel's failure to bring perjury and subordination of perjury charges and failure to object to Wallace's testimony are without merit. Not only has Petitioner presented no evidence that the Government knew Wallace testified falsely, but the record contains multiple examples of Petitioner's counsel's objections to Wallace's testimony. Therefore, the undersigned recommends that this claim be dismissed.

## IV.    OTHER MATTERS

On February 27, 2012, Petitioner filed a Motion for Intervention of Right. (Civil Action No. 1:11-cv-176, ECF No. 12; Criminal Action No. 1:09-cr-21-1, ECF No. 172.) In this motion, Petitioner asserts that he has "certified" copies of Congressional Journals to submit in support of his § 2255 Motion. (*Id.* at 1.) He requests a hearing so that he can be granted leave to submit these journals "as this is of significant importance to the American people." (*Id.*) According to Petitioner, these journals will prove that the Sentencing Reform Act and Controlled Substances Act were not properly enacted. (*Id.*) Petitioner also asks the Court to certify to the Attorney General of the United States that the constitutionality of the Court's jurisdiction and Titles 18 and 21 of the United States Code are issues "affecting the public interest." (*Id.* at 2.) However, as discussed above, the undersigned has found that Petitioner's challenges regarding the Court's jurisdiction and the constitutionality of Titles 18 and 21 are frivolous and without merit. Therefore, the undersigned recommends that Petitioner's Motion for Intervention of Right be denied.

## V.    RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:11-cv-176, ECF No. 1; Criminal Action No. 1:09-cr-21-1, ECF No. 138) be **DENIED** and **DISMISSED** because Petitioner has failed to meet the two prongs of *Strickland* to demonstrate any claims of ineffective assistance of counsel. Furthermore, the undersigned recommends that Petitioner's Motion for Intervention of Right (Civil Action No. 1:11-cv-176, ECF No. 12; Criminal Action No. 1:09-cr-21-1, ECF No. 172) be **DENIED** because Petitioner's arguments regarding jurisdiction and the constitutionality of Titles 18 and 21 are frivolous.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Steven C. Green.

**DATED**: March 2, 2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE